HEARD NOVEMBER TERM, 1878.

CASE No. 698.

THE STATE v. ALEXANDER BRYCE, JR.

1. The chairman of a retiring board of county commissioners has no authority to discharge any of the duties of his office after his successors have been duly elected and qualified, although not yet organized into a board by the election of a chairman.
2. A jury list prepared by the jury commissioner and such retiring chairman is illegal.

Before COOKE, J., at Oconee, March Term, 1877.

At the preparation of a jury list for Oconee county, in January, 1877, only two persons besides the clerk and sheriff were present—the jury commissioner and the chairman of the board of county commissioners who were elected in November, 1874. The county commissioners elected in November, 1876, all qualified during December of that year. The former county auditor resigned his office, and his resignation was accepted December 19th, 1876. His successor had not yet been appointed. The grand and petit jurors present at this term of the Circuit Court were all drawn from said list.

The defendant was indicted for larceny and for receiving stolen goods, knowing them to be stolen, namely, four books belonging to the office of county auditor. Defendant challenged the array of jurors, upon the ground that the list was illegally prepared. The challenge was overruled, and defendant was convicted of receiving stolen goods, knowing them to be stolen.

Defendant submitted a motion in arrest of judgment, upon several grounds, all of which being overruled, and defendant being sentenced, he appealed to this court, upon several grounds, of which it is necessary to state only one:

Because the jury by which the verdict of guilty, &c., was rendered in said action, was not a legal jury, for the reason that there was no legal chairman of the board of county commissioners or county auditor for this county present in preparing the list from which said jury were drawn.

*Mr. J. W. Harrison* and *Mr. S. P. Dendy*, for appellant.

The whole board of three must be present and act from the very terms of the statute, both in preparing the list and drawing the jury. See *ch. CXI.*, §§ 1, 3, 4, 5, 15; 1 *Bay* 354; *Potter's Dwarris on Stat.* 767; *Black. Rules of Con.* 151; 31 *How. Pr.* 51; *L. & Eq. Rep., Vol. IV., pp.* 328–330.

The third section of the act of 1874 (15 *Stat.* 638,) is unconstitutional and void. See *Art. II.*, § 20, *Const. S. C.; Potter's Dwarris on Stat.*, ½ *p.* 64, 103, 105–6, and *note* 5.

If the act of 1874 above referred to, be held constitutional, then the whole board of jury commissioners should have a legal existence in the county before a majority can act. See *Potter's Dwarris on Stat.*, ½ *p.* 223, *note* 29, and 228, *note* 30, and cases cited; 2 *Cranch* 127.

Under the constitution and statutes of this state, county commissioners are elected for two years, and hold until their successors are elected and qualified. *Art. IV.*, § 19, *Const. S. C.; Rev. Stat., ch. XIX.*, § 35, *p.* 155.

Election or appointment, and taking prescribed oath of office, and filing approved bond, is the only qualification within the meaning of the statutes of this state, and confers the office. *Rev. Stat., ch. XIX.*, § 3, *p.* 146; *State* v. *Lyles*, 1 *McC.* 239.

March 8th, 1879. The opinion of the court was delivered by
· HASKELL, A. J. There are several grounds of appeal presented by the defendant, but the first disposes of the question and is the only one which requires consideration. The objection is to the jury; that the jury list was not legally prepared. The law on that subject, and at that time, is as follows:

· 1. There shall be a jury commissioner, "who, with the county auditor and chairman of the board of county commissioners, shall constitute a board of jury commissioners for the county. *Rev. Stat.*, § 1, 518; *Id.*, § 3, 519. "The board of jury commissioners of each county shall, once in each year, during the month of January, prepare a list," &c.

From that "list" the grand and petit jurors are drawn. The board is thus composed of three public officers designated. It is

submitted by the appellant that all should be present at the preparation of the jury list, but that only two were present in fact; and, secondly, if it should be decided that a majority constitutes a quorum, he submits that one of the two persons present was not qualified to act, and that, consequently, there was not a majority. On this subject it is said in *Sedg. on Stat. and Const. Law* 387: "In regard to the number requisite to constitute a quorum of the members of a public body, or the number requisite to do business, it has long been settled that where a statute constitutes a board of commissioners or other officers to decide any matter, as to open books, to receive subscriptions and distribute the stock of a railroad company, but makes no provision that a majority shall constitute a *quorum*, all must be present to hear and consult, though a majority may then decide."

The more general rule laid down in *Bouvier's Law Dict., tit.* "*Quorum*," is, that where the act is to be done by a definite number of persons, a majority of that number "is required to constitute a quorum, unless the law expressly directs that another number may make one." It may be unnecessary to decide whether the whole number is requisite, for that question will not properly arise until it has been determined that a majority was present. We presume that it will not for a moment be contended that a minority of the whole number could perform the duties of the board, for such a proposition would be absolutely without foundation. We will proceed, therefore, to examine the real question in the case—was there present at the preparation of the jury list a majority of the board of jury commissioners? The facts are that only two were present. "Morgan H. Bryce, jury commissioner for Oconee county, and James M. Hunnicutt, claiming to be chairman of the board of county commissioners for said county."

It is undisputed that Morgan H. Bryce was jury commissioner. The county commissioners are elected under the constitution for two years. James M. Hunnicutt had held the office as a county commissioner during the period preceding the election in November, 1876. The jury list was prepared January 8th and 9th, 1877. The county commissioners had been regularly elected in November, 1876, and had all executed their official bonds, which had been severally approved and were all recorded on the 18th

day of December, 1876. It will thus be seen that the new county commissioners had been duly elected and had been qualified nearly a month prior to the time when the jury list was prepared. We know of no authority on the part of James M. Hunnicutt to perform any of the duties of a county commissioner after his successor had been elected, and had qualified by taking the oath of office and filing proper bonds. Such are the facts of this case. The conclusion is, that on December 18th, 1876, the newly elected county commissioners had become installed in their offices, and that from that time the former county commissioners were no longer in office. James M. Hunnicutt was, therefore, no longer chairman of the board of county commissioners, and was not qualified to act on the board of jury commissioners. His action, therefore, being without authority of law, is null and void. The consequence is that there was present but one member of the board of jury commissioners. He had no authority to prepare the jury list, for that is a duty, not of the jury commissioner, but of the board of which he was but a member. The whole proceeding, therefore, was without authority of law, and the jury drawn from such a list was not a legal jury, and the defendant did not have a proper trial. It makes no difference that the new county commissioners had not met together and elected their chairman before the 8th of January. They could have been compelled to perform that duty, and that was the legal remedy. Whether their failure arose from neglect, accident or mistake, is immaterial. Neither of those nor any other cause would sanction the interference of a person unauthorized by law to assume the powers delegated to others. The remaining questions bear upon matters of evidence and of fact, which could not properly (and, indeed, need not to) be considered by this court. The *animus*, the cause, and the official or *de facto* position of the defendant, were matters for the jury, with proper legal instruction from the judge, and there seem to have been no exceptions to his charge on any of the points.

The judgment is reversed. Motion granted.

New trial granted.

WILLARD, C. J., and McIVER, A. J., concurred.